UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SALLY REAVES,  §<br>§<br>  Plaintiff,  §<br>§<br>v.  §<br>§<br>U.S. SMALL BUSINESS  §<br>ADMINISTRATION and JOVITA  §<br>CARRANZA, *in her capacity as the*  §<br>*Administrator of the U.S. Small Business*  §<br>*Administration,*  §<br>§<br>  Defendants.  § | CIVIL ACTION NO. 3:18-CV-1230-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sally Reaves's Motion to Submit Extra-Record Evidence or, Alternatively, to Remand This Case to the SBA (Doc. 61). For the reasons set forth below, the Court **DENIES** the motion.

## I.

## BACKGROUND

*A.    Procedural Background*

This case arises from Plaintiff Sally Reaves's objection to the U.S. Small Business Administration (SBA)'s garnishment of her wages. Reaves initially filed suit against the SBA on May 14, 2018, seeking the Court's review of the SBA's March 15, 2018, decision to garnish her wages. Doc. 1, Compl. ¶ 5. After amending her complaint twice, *see* Doc. 5, First Am. Compl. & Doc. 32, Second Am. Compl., Reaves moved to remand the case to the SBA. Doc. 43, Pl.'s Mot. to Remand, 1. Reaves asserted that in its March 2018 decision, the SBA failed to consider several of her

arguments. *See id.* at 8, 10. The Court agreed and remanded the case to the SBA, directing the SBA to consider these arguments. *See* Doc. 53, Mem. Op. & Order, 11–13.

On February 11, 2020, the SBA filed a supplemental administrative record containing its additional findings, dated February 5, 2020, pursuant to the Court's remand order. *See* Doc. 54, Suppl. Administrative R., 1. Thereafter, Reaves filed her third amended complaint based on these additional findings. *See generally* Doc. 58, Third Am. Compl. The Court summarizes Reaves's factual allegations as set forth in her third amended complaint below.

B.   *Factual Background*

Reaves was an owner of a company called Sagebrush Solutions, LLC. *Id.* ¶¶ 10, 12. Sagebrush previously obtained several loans relevant to this action.

On November 29, 2006, Sagebrush obtained a one-million-dollar, line-of-credit loan ("the LOC") from PlainsCapital Bank (PCB). *Id.* ¶ 10. The SBA guaranteed the LOC. *Id.* Additionally, Sagebrush was the borrower under another November 29, 2006, loan from PCB ("the 2006 Conventional Loan"), but this loan was for $525,000 and was not guaranteed by the SBA. *Id.* ¶ 11. Reaves personally guaranteed both the LOC and the 2006 Conventional Loan by pledging her personal securities accounts. *Id.* ¶ 12. Reaves's business partner, Faith Glover, also personally guaranteed both of these loans. *Id.*

In addition to the LOC and the 2006 Conventional Loan, Sagebrush subsequently obtained two other loans from PCB. *Id.* ¶ 13. The first was a March 6, 2012, "term loan" for $171,126.68 ("the $171,126.68 Loan"). *Id.* This loan was collateralized with Glover's personal securities accounts but not with those of Reaves. *Id.* ¶ 14. The second loan was an April 11, 2012, "revolving credit loan" for $250,000 ("the $250,000 Loan"), which was collateralized with the personal securities accounts

of both Reaves and Glover. *Id.*

In 2012, when PCB contacted the SBA about renewing and extending the LOC to Sagebrush, the SBA indicated that it "would no longer accept Sagebrush's contingent accounts receivable as security for the LOC." *Id.* ¶¶ 15–16. Further, the SBA instructed PCB "to 'term out' a portion of [Sagebrush's] indebtedness on the LOC which was supported by contingent accounts receivable." *Id.* ¶ 16. As a result of the SBA's refusal to accept Sagebrush's contingent accounts receivable as security, Sagebrush thereafter "entered into a thirteenth modification of the LOC indebtedness on April 11, 2012 . . . ." *Id.* ¶ 18. This was the same day that Sagebrush obtained the $250,000 Loan from PCB. *Id.* ¶ 19.

A few days beforehand, "the SBA agreed to subordinate its lien position in [Reaves's] and Glover's securities accounts to PCB regarding the $171,126.68 Loan and the $250,000 Loan." *Id.* ¶ 20.[1] Prior to the subordination, Sagebrush had already paid off the 2006 Conventional Loan; thus, according to Reaves, "[Reaves's] and Glover's securities accounts were pledged in a first lien position to secure the SBA-guaranteed LOC[.]" *Id.* ¶¶ 20–21.

On August 14, 2015, Sagebrush received notice from PCB that it was not renewing the $171,126.68 Loan or the $250,000 Loan and accelerating both loans. *Id.* ¶ 23. Consequently, Sagebrush defaulted on the LOC. *Id.* Shortly thereafter, PCB liquidated the personal securities accounts of Reaves and Glover. *Id.* ¶ 22. PCB used the proceeds from the liquidation to first pay itself on the $171,126.68 Loan and the $250,000 Loan, and then to pay down the LOC. *Id.* ¶ 24. After applying the liquidation proceeds to the LOC, Sagebrush still owed $343,462.61 on the LOC. *Id.*

As a result, the Department of Treasury, acting on behalf of the SBA, "initiated

---

[1] The Court will hereinafter refer to this simply as "the subordination."

administrative wage garnishment proceedings against Reaves," which led to the dispute at hand. *Id.* ¶ 29.

In sum, Reaves objects to the SBA's garnishment of her wages on two alternative grounds. First, Reaves asserts, the subordination violated 31 U.S.C. § 3713, SBA Standard of Procedure (SOP) 50 10 5, and SBA SOP 50 50 4. *Id.* ¶ 28. And without the subordination, Reaves explains, "the SBA would have been paid in full on the LOC indebtedness prior to payment to PCB when [Reaves's] and Glover's securities accounts were liquidated." *Id.* ¶ 25. Second, Reaves contends that PCB and the SBA should have liquidated Sagebrush's trade and contingent receivables, because this liquidation would have eliminated or "substantially reduced [Reaves's] debt to the SBA." *Id.* ¶ 28. In conjunction with these two arguments, Reaves objects to numerous findings set forth in the SBA's March 2018 decision and February 2020 additional findings. *See* Doc. 58, Third Am. Compl., ¶¶ 34–36.

C.   *Reaves's Motion to Supplement or Remand*

One month after filing her third amended complaint, Reaves filed her Motion to Submit Extra-Record Evidence or, Alternatively, to Remand This Case to the SBA (Doc. 61). In her motion, Reaves asks the Court to either supplement the administrative record with extra-record evidence or remand the case for consideration of the evidence by the SBA. Doc. 61, Pl.'s Mot., 7. Because the Court has received all briefing on the motion, it is now ripe for review.

## II.

## LEGAL STANDARD

Courts review agency actions under the Administrative Procedure Act (APA), which "prescribes a narrow and highly deferential standard." *Medina Cty. Envtl. Action Ass'n v. Surface*

*Transp. Bd.*, 602 F.3d 687, 699 (5th Cir. 2010). Under the APA, a reviewing court should set aside an agency decision in only limited circumstances, such as if that decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2)(A) (1966). Under this standard, courts must ensure that the agency considered the relevant factors and that there is substantial evidence in the record to support the agency's decision. *Pub. Citizen, Inc. v. EPA*, 343 F.3d 449, 455 (5th Cir. 2003). But a court cannot substitute its judgment for that of the agency. *Id.*

Indeed, in some circumstances, a court cannot perform this review without remanding the case back for further development at the administrative level. Specifically:

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.

*Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

Moreover, in reviewing an agency's decision under the APA, the Court reviews "the whole record or those parts of it cited by a party." *Medina Cty.*, 602 F.3d at 706 (quoting 5 U.S.C. § 706). Generally, "judicial review is . . . confined to the administrative record." *City of Dallas v. Hall*, 2007 WL 3257188, at *4 (N.D. Tex. Oct. 29, 2007) (citation omitted). This is commonly referred to as the "record rule[.]" *See, e.g., Davis Mountains Trans-Pecos Heritage Ass'n v. Fed. Aviation Admin.*, 116 F. App'x 3, 5 (5th Cir. 2004) (unpublished).

Nonetheless, courts have recognized limited exceptions to the record rule. *City of Dallas*, 2007 WL 3257188, at *5. The Fifth Circuit has stated that supplementation is appropriate under

three circumstances:

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, . . .
>
> (2) the district court need[s] to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
>
> (3) the agency failed to explain administrative action so as to frustrate judicial review.

*Medina Cty.*, 602 F.3d at 706 (citation omitted). Courts in the Fifth Circuit have also recited a list of eight—rather than three—circumstances warranting an exception to the record rule. *See, e.g.*, *Davis Mountains Trans-Pecos Heritage Ass'n v. U.S. Air Force*, 249 F. Supp. 2d 763, 776 (N.D. Tex. 2003), *vacated on other grounds sub nom., Davis Mountains Trans-Pecos Heritage Ass'n v. Fed. Aviation Admin.*, 116 F. App'x 3 (5th Cir. 2004) (unpublished).[2] Nonetheless, "it does not seem that there will often be a significant practical distinction between the eight exceptions . . . and the three . . . ." *Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Eng'rs*, 2015 WL 1883522, at *3 (S.D. Tex. Apr. 20, 2015) (noting the overlap between the two lists).

## III.

## ANALYSIS

*A.     The Court Denies Reaves's Motion to Supplement the Record with Extra-Record Evidence.*

Reaves seeks to add eight extra-record exhibits spanning eighty-eight pages to the

---

[2] These eight exceptions include: (1) "when agency action is not adequately explained in the record before the court"; (2) "when the agency failed to consider factors which are relevant to its final decision"; (3) "when an agency considered evidence which it failed to include in the record"; (4) "when a case is so complex that a court needs more evidence to enable it to understand the issues clearly"; (5) "in cases where evidence arising after the agency action shows whether the decision was correct or not"; (6) "in cases where agencies are sued for a failure to take action"; (7) "in cases arising under [the National Environmental Policy Act]"; and (8) "in cases where relief is at issue, especially at the preliminary injunction stage." *Id.* (citation omitted).

administrative record. *See generally* Doc. 62, Pl.'s App. To explain her arguments supporting supplementation of the administrative record, Reaves groups her extra-record evidence into four categories. Below, the Court will describe these categories and explain why Plaintiff has not provided any justification for supplementation of the existing record.

First, Reaves seeks to add evidence showing that, at the time of the subordination, the SBA-guaranteed LOC was secured by a first lien on Reaves's personal securities account, not a second lien. Doc. 61, Pl.'s Mot., 10. This evidence, Reaves contends, contradicts the SBA's finding that the 2006 Conventional Loan had not yet been paid in full as of April 2012. *Id.* Further, Reaves explains that if the LOC was secured by a first lien, and "if the SBA had not improperly subordinated its first lien position to the non-SBA guaranteed debt owed to PCB in April 2012, the SBA would have had a first lien in [Reaves's] and Glover's personal securities accounts and been paid in full . . . ." *Id.* at 10–11.

Second, Reaves offers "evidence of the $171,126.68 Loan to show that this loan was not an extension or modification of the 2006 Conventional Loan and, therefore, could not be collateralized with a first lien in [Reaves's] and Glover's personal securities accounts." *Id.* at 11. Reaves argues that this evidence demonstrates that "PCB did not act ethically and transparently," because "PCB did not disclose to the SBA that Sagebrush had paid off the non-SBA-guaranteed 2006 Conventional Loan so that the LOC was collateralized with a first lien in [Reaves's] personal securities accounts in 2012." *Id.*

Third, Reaves urges the Court to consider "evidence of the amount and collectability of Sagebrush's trade and contingent receivables at the time of the [subordination] and at the time of the September 2015 liquidation of [Reaves's] and Glover'[s] personal securities accounts." *Id.* at 12.

According to Reaves, this evidence demonstrates that Reaves's debt to the SBA would either "have been paid in full" or "substantially reduced" if PCB had liquidated Sagebrush's accounts receivable. *Id.*

Fourth, Reaves seeks to supplement the record with evidence showing "that the $221,064.89 paid by Sagebrush to partially pay down the amount owed on the LOC in April 2012 was not paid from funds lent by PCB." *Id.* This evidence, Reaves contends, contradicts the SBA's finding that money lent by PCB to Sagebrush was used partially to pay off the LOC. *Id.*

But for each category of evidence, Reaves fails to articulate how the specific evidence falls within an exception permitting supplementation of the administrative record. Rather, Reaves asserts that the Court should consider the evidence to "determine whether [a specific finding by the SBA] renders the SBA's final decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See, e.g.*, Doc. 64, Pl.'s Reply, 3; *see also* Doc. 61, Pl.'s Mot., 2 (arguing that Reaves's "extra-record evidence refutes the SBA's erroneous findings"). In essence, Reaves asks the Court to supplement the record with evidence to bolster her claims. The mere fact that the "extra-record evidence . . . is relevant to [Reaves's] arguments," however, does not justify the addition of extra-record evidence. *See Knight v. U.S. Army Corps of Eng'rs*, 2019 WL 3413423, at *3 (E.D. Tex. July 29, 2019) ("The Court cannot find that the Administrative Record needs supplementation simply because it does not contain every conceivable document that might be relevant." (citation omitted)); *compare* Doc. 61, Pl.'s Mot., 10 *with Medina Cty.*, 602 F.3d at 706 (citation omitted) (stating the three exceptions permitting supplementation of the record with extra-record evidence).

Further, to the extent Reaves seeks to supplement the record based on the SBA's alleged

failure to consider all relevant factors, *see* Doc. 61, Pl.'s Mot., 8, this ground for supplementation is not aimed at the addition of relevant evidence—instead, it "comes into play where a party seeks to demonstrate that an agency decision was arbitrary because the agency did not consider some important aspect of the regulatory problem before it." *Oceana, Inc. v. Ross*, 2020 WL 1905148, at *4 (D.D.C. Apr. 17, 2020) (quoting 33 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 8391 (2d ed. 1987)). Thus, this ground permits the Court to "supplement the record with 'background information' in order to determine *whether* the agency considered all of the relevant factors[.]" *Medina Cty.*, 602 F.3d at 706 (emphasis added) (citation omitted). Reaves's evidence, however, is not background information that assists the Court in determining whether the SBA considered relevant factors; instead, it is evidence supporting the merits of Reaves's arguments. Thus, this ground for supplementation is inapplicable here.

Finally, Reaves's reliance on the Court's previous reasoning regarding issue exhaustion does not provide a basis for supplementation. *See* Doc. 61, Pl.'s Mot., 9. As Reaves correctly notes, the Court previously stated that "it does not appear that the [first SBA] proceeding was sufficiently adversarial, and [thus] issue exhaustion should not be required." Doc. 53, Mem. Op. & Order, 9. But issue exhaustion refers to the refusal of courts to "resolve new issues that were not raised before the agency in the first instance." 33 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 8364 (2d ed. 1987). Here, the Court is not examining whether Reaves raises a new issue that she failed to raise before the SBA—the Court is examining whether Reaves's evidence is excepted from the record rule, which "limits judicial review of agency action to the administrative record before the agency at the time of its decision." *Davis Mountains*, 116 F. App'x at 5.

Because Reaves has not demonstrated that her evidence falls within an exception to the

record rule, the Court **DENIES** Reaves's motion to supplement the record.

B.      *The Court Denies Reaves's Motion to Remand to the SBA.*

In support of her request to remand, Reaves notes that remand is appropriate "where the agency did not consider all relevant factors." Doc. 61, Pl.'s Mot., 9 (citing *Fla. Power & Light Co.*, 470 U.S. at 744). Reaves contends that here, "the SBA did not consider the critical and relevant evidence that [she] now desires to submit to the Court . . . ." *Id.*

But as explained above, Reaves has not demonstrated that the SBA failed to consider relevant factors in reaching its decision. Rather, Reaves appears to equate the SBA's failure to consider evidence that Reaves never submitted to the SBA with the SBA's failure to consider all relevant factors. The distinction is subtle but dispositive here. If the Court were to accept Reaves's argument and remand the case, it could initiate a perpetual cycle: the Court would remand the case for consideration of Reaves's evidence; the SBA would make its decision in light of the evidence; Reaves could again seek the Court's review and raise additional evidence—at which point the cycle would begin again.

Moreover, Reaves has not pointed to any legal authority suggesting that remand to an agency is appropriate where the plaintiff objecting to the agency decision has attempted to provide additional evidence at the district-court level.

Thus, the Court **DENIES** Reaves's motion to the extent she seeks remand for the consideration of additional evidence.

### IV.

### CONCLUSION

Reaves has not demonstrated that an exception to the record rule applies or that remand to

the SBA is necessary. Accordingly, the Court **DENIES** Reaves's motion (Doc. 61).

    SO ORDERED.

    SIGNED: July 14, 2020.

                                                    JANE J. BOYLE
                                                    UNITED STATES DISTRICT JUDGE